# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISAAC MONTIEL,

Defendant.

Case No. 18-cr-00563 EJD (NC)

**DETENTION ORDER**

Hearing: Feb. 11, 2019

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant Isaac Montiel, and the Court on Feb. 11, 2019, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney AFPD Robert Carlin. The Government was represented by AUSA Shiao Lee.

The defendant is charged by indictment in this District with three felony charges: (1) possession with intent to distribute a controlled substance (methamphetamine), 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C); (2) felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g); and (3) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). ECF 1. The defendant is presumed innocent of the charges. *See* 18 U.S.C. § 3142(j).

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel; the defendant also spoke and called his niece to speak on his behalf. Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Edward J. Davila.

## I. PRESUMPTIONS

Based on the charge in count one of the indictment, there is a rebuttable presumption of detention. 18 U.S.C. § 3142(e)(3)(A).

## II. REBUTTAL OF PRESUMPTIONS

The defendant has not rebutted the presumption and the prosecution has met its burden to establish danger to the community if the defendant is released.

## III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has considered the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Reports prepared Feb. 4 and Feb. 7. The Court finds that the Government has established by more than clear and convincing evidence that the defendant poses a serious risk of danger to the community. In making this finding, the Court follows the recommendation of Pretrial Services. Montiel has a substantial criminal record, with 10 felony and 6 misdemeanor convictions and numerous parole violations. In 2015, he was convicted of participating in a criminal street gang. He lacks a significant employment history. As to risk of non-appearance, Montiel has life-long ties to the District, a recent record of appearing in state court when ordered, and family support. The Court finds that a combination of conditions could be imposed to mitigate the risk of non-appearance.

IV. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: Feb. 11, 2019

_____
Nathanael M. Cousins
United States Magistrate Judge